Read, J.,
dissenting. I can not agree with a majority of the court, that an affidavit in the language of the statute, that á debtor “ is about to convert his property into money for the purpose of placing it beyond the reach of creditors,” is sufficient to warrant a copias under the act to abolish imprisonment for debt.
That act abolishes imprisonment for debt, and the only cases in which a capias can issue, either as mesne or final process, are exceptions. Before a party can have the benefit of these exceptions, he must bring himself strictly within the provisions of the act— to authorize a capias on mesne process, the creditor, or authorized agent or attorney, must make oath or affirmation in writing, that the debt or demand is justly due—of $100 or upward, specifying as nearly as may be the nature and amount thereof, and establishing ono or more of the following particular's, which are the excepted cases warranting the capias. The excepted cases are those of fraudulent motive. A simple affidavit of the motioe, without specifying the overt indications which disclose such motivo, I hold does not establish the existence of such motive within the meaning of the act. The only earthly mode in which the motives of the heart can be ascertained by human intelligence is from the dec *262 larations and acts of the party. The declarations and acts, then, of *the party, which disclose the motives which alone authorizo a seizure of his body, should be specified in the affidavit to estab. lish its existence under the act. The existence of a motive can not be established in law by a simple oath. To establish motive s you must prove declarations and acts and circumstances, which indicate the motive. A simple oath that a man had a particular motive, feeling, or interest, without any more, is no evidence in court; it proves nothing, is incompetent, and will be rejected. The only mode permitted by the law to look into the window of the heart and ascertain its feelings, motives, and intentions, is through overt acts, declarations, and conduct, which manifest the existence of the motive or feeling. There would be no safety or sense in any other rule, because there is and can be no other mode of determining the existence of the motive or intent. To make an affidavit, then, that a person did an act which, of itself, was no proof of the motive assigned, without proof of the declarations or acts which disclose it, does not establish the motive. But to make oath that a party is about to do an act with a particular motive, without stating declarations or circumstances which evidence the intent to do the act, or the existence of the motives accompanying the act which alone indicate its wrongful character establishes nothing, and can establish nothing. For a debtor to convert his property into money does not subject him to a capias, unless it be done with the purpose or motive of placing it beyond the reach of creditors. How can a creditor know that a debtor is about to convert his property into money, unless there be some declaration or act indicating that intent ? And if a debtor should convert his property into money, how does the creditor know that it is done for the put-pose of defrauding creditors, unless there be some declaration or act disclosing such purpose ? It requires both the intent to convert his property into money, and the purpose of placing it beyond the reach of creditors. And this must be established to authorize a capias. But the bare intent to convert is not sufficient, but, in the language of the act, he must be about to do
*it. The word about, means nearness of time, quality, or degree, or making preparations +o do a thing, or being actually engaged in doing something. It is one of those words which has a variety of meanings, according to the mode of its use. A man is about to start on a journey, or about his business. A man is about to *263 convert his property into money; that is, he is near to doing it, or is making .preparations to do it. This last is .perhaps the true meaning of the word, as employed in the act. A debtor, then, must have the intent to convert, and be near to carrying it into execution, or must be making preparations to do so, with the fraudulent purpose to form the exception to the general act. The intent may exist, then, to convert property into money for the purpose of placing it beyond the reach of creditors, without authorizing a capias, unless that intent is near to being carred into execution, or unless the party is actually making preparation to convert with the fraudulent intent. The affidavit, then, should disclose the intent to convert—the dispositions or preparations to speedily convert, with the fraudulent intent—to warrant the capias. All these matters are only to be indicated by declarations and acts, being all matters of intent and motive; and unless the affidavit set forth the declarations and acts disclosing the intents and motives of the debtor, it establishes nothing—it is in fact not an affidavit at all, becauso'it has not the substance of an affidavit, as it proves nothing. It is not evidence to establish motive or intent, and could not be taken as evidence of motive- or intent, in any case where motive and intent were to be established. How, then, can it be said that such an affidavit establishes the motive and inteut, and authorizes a capias? To hold that such an affidavit warrants a capias, not only contradicts the express words of the act, as it establishes nothing, if we have regard to the rules of evidence or even possibility, but exposes the whole act to defeat, and subjects every debtor to the disposition of the conscience, or fears or suspicions of his creditor. There is no mode of convicting a creditor of perjury upon such an affidavit. Because it is impossible to ^determine whether the affiant believed what he made oath to or not; and further, it is impossible to dispirove that such intents and motives may not have been entertained by the debtor. A very suspicious or avaricious creditor would believe that his debtor intended to cheat him if he failed to pay on the day the' debt was duo, and would be ready to swear to all manner of motives and intents.. But if such a man had to swear to declarations or acts which indicate intent, ho-would have no power over an honest debtor to seize his person.
But what appears to be inconsistent is, that after judgment it is admitted by the whole court, and such has been the universal lino *264 of decision upon the circuit, that the judgment creditor can not have a capias ad satisfaciendum, unless he make affidavit and also establish by other proof, to the satisfaction of the court or judge, the particular state of facts which will authorize the capias; one of which is the same as that which authorizes a mesne capias, that the judgment debtor is “about to convert his property into money to prevent its being taken in execution.”
The words of the statute to which this construction is given are, that “ the court or judge shall be satisfied by the affidavit of the applicant, and such other testimony as he shall present of the existence of either of the following particulars.”
The words of the statute for mesne capias are, “shall make oath or affirmation as to the existence of the debt, its amount and nature; and establishing one or more of the following particulars.”
Now what material difference is there between the phrase “satisfy by affidavit and such other testimony,” and to make affidavit of a fact, “ and establishing "? To obtain a capias ad respondendum, the statute requires that the creditor, etc., shall make affidavit of certain facts, to wit, that the debt is due, and its nature and amount, and establishing one of the particulars specified. The capias may then issue. How establish certainly but by proof? In the one case, it is by *affidavit and other testimony; fn the other, by affidavit and establishing. If establishing the existence of a fact in law means by proof, the phrases in meaning are the same. Why should the legislature intend to discriminate and make it more difficult to procure a capias after judgment than belore? In both instances the body of the debtor is seized, and for the same reason, to wit, fraudulent motives. But in the one instance the debt is established, and in the other it is not. Yet, after the debt is reduced to judgment a capias is not authorized, unless the fraudulent intent be established, both by affidavit of the creditor and other proof; and yet belore the debt is found due, it is held that the creditor may both establish the existence of the debt and the fraudulent intent by his own simple affidavit, that such motive and intent exists, without stating the acts or declarations indicating such motive and intent. • That is, that the legislature intended to be more lenient toward a debtor, where the debt was established by trial and judgment, guilty of a fraudulent intent, than toward a debtor guilty of a fraudulent intent before judgment. That is, the legislature intended to distinguish bo *265 tween a fraudulent intent before judgment and a fraudulent intent after judgment, by requiring stricter proof to obtain a capias in the one instance than the other; and that, too, in requiring the least proof, where, upon general principle, they should have required the strongest. It can not be said that a capias or mesne process is less onerous, beeáuse, in that case, a party may not only be compelled to lay in prison for the satisfaction of the debt, but may be held in prison before the debt is established. The legislature never could have intended that the fraudulent motive, in either case, should be established by different kinds or different degrees of proof.
But, to obtain final capias, it would not be contended that simply swearing to the motive, without stating the declarations or acts which would indicate it, would be sufficient. Such swearing would not be the “.other testimony ” meant by the statute, nor would it be contended that the affidavit *of the party allog- [315 ing such motive or intent, without stating facts and circumstances, would be sufficient to satisfy the court or judge.
It would not seem, then, to be aright construction of the act, to hold that less degrees of evidence are sufficient to establish the fraudulent intent, which would authorize a seizure of the body upon mesne than upon final process. And I can not concur in the opinion that an affidavit, which states motives and intents, without the facts and circumstances which indicate thorn, is sufficient to establish their existence. I think to so hold violates the statute, and is opjjosed to reason,'and principle, in regarding that as an affidavit, in legal sense, which establishes no fact.
The ’construction which I give to this act, and the requirements which I hold to be necessary in an affidavit establishing motive and intent, have been given and required by the Now York courts, acting under a statute for the abolishment of imprisonment, for debt, similar to our own. I know there has been a difference of opinion in reference to affidavits for writs of ne exeat; but even when such affidavits have been held sufficient, it has always been accompanied with an admonition that it were far better to state facts and circumstances.
But 1 hold this is a question which may well stand upon reason and the impossibility of swearing to motive, apart from the overt manifestations disclosing it, and the meaning and requirements of the-statute.